O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARTINEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration,<br><br>        Defendant. | Case No. EDCV 08-00884-MLG<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Anthony Martinez seeks judicial review of the Commissioner's denial of his application for Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed.

**I.   Procedural and Factual History**

Plaintiff filed his application for SSI benefits on February 27, 2006, alleging disability since February 27, 2006 due to affective mood disorder and diabetes mellitus. (Administrative Record ("AR") at 10.) Plaintiff was born on November 17, 1965. (AR at 10). He has a sixth grade education and no prior work experience. (AR at 23.)

Plaintiff's application was denied initially on July 7, 2006 (AR at 24-27) and upon reconsideration on January 25, 2007. (AR at 29-33.) An administrative hearing was held on October 22, 2007 before ALJ F. Keith Varni. (AR at 7-9). Plaintiff did not appear at the administrative hearing.[1] (Id.) On November 15, 2007, ALJ Varni issued an unfavorable decision. (AR at 12-23.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the filing of the application. (AR at 17.) The ALJ further found that the medical evidence established that Plaintiff had the following medically determinable impairments: diabetes mellitus, elevated lipids, hepatitis C, and substance-induced psychotic disorder not otherwise specified. (Id.) The ALJ concluded, however, that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.) The ALJ also determined that, given Plaintiff's age, education, work experience and residual functional capacity ("RFC"), there were a significant number of jobs in the national economy that Plaintiff could perform. (AR at 23.) Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f).

On June 5, 2008, the Appeals Council denied review (AR at 1-3). On July 15, 2008, Plaintiff timely commenced this action for judicial review. On May 28, 2009, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) failing to give proper weight to the assessment of Plaintiff's treating physician; (2) failing to give proper weight to the

---

[1] The Court notes that the Commissioner erroneously stated in the Joint Stipulation that Plaintiff appeared and testified at the administrative hearing before the ALJ. (Joint Stip. at 15.)

consultative examining physician's report; (3) failing to adequately develop the record regarding Plaintiff's ADHD and learning and reading disorders; and (4) failing to properly consider the written statements of Plaintiff's father. (Joint Stp. at 2.)  Plaintiff seeks reversal of the Commissioner's denial of his application and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stp. at 20).  The Commissioner requests that the ALJ's decision be affirmed. (Joint Stp. at 21).

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006).  It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).  To determine whether substantial evidence supports a finding, the reviewing court is required to "review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996).  "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

3

## III. Discussion

### A. Plaintiff Has Failed to Show That the Medical Record at Issue Was Prepared by a Treating Physician

Plaintiff contends that the ALJ failed to give appropriate weight to the opinion of his treating physician. (Joint Stip. at 3.) In a "Mental Health Interdisciplinary Progress Note," from the California Department of Corrections, dated November 21, 2004, it was noted that Plaintiff had a mood disorder and bipolar disorder. (AR at 169.) In addition, the progress note reported that Plaintiff had poor insight, poor judgment and a Global Assessment of Functioning ("GAF") score of 60. (Id.) Plaintiff contends that the physician who prepared the progress note was Plaintiff's treating physician, and therefore the ALJ had a duty to consider this report. In the written decision denying SSI benefits, the ALJ did not specifically refer to this page of the administrative record; however, the ALJ did reference Plaintiff's mental health records from his various periods of incarceration, which included this November 21, 2004 progress note. (AR at 19.)

The ALJ should generally accord greater probative weight to a treating physician's opinion than to opinions from non-treating sources. See 20 C.F.R. § 404.1527(d)(2). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, the ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be

considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii); *Orn*, 495 F.3d at 631-33.

The ALJ did not err in failing to discuss this single, one-page progress note. There is no evidentiary support in the record for Plaintiff's contention that this is the opinion of a treating physician. As a preliminary matter, the Court cannot determine whether this progress note was even prepared by a physician. (AR at 169.) Even if this progress report were prepared by a physician, Plaintiff has provided no indication or documentation as to the duration and frequency with which this particular physician actually treated him. From a review of the administrative record, this November 21, 2004 progress note was simply a one-time examination. Presumably, once Plaintiff was released from the custody of the California Department of Corrections in October 2005, he was no longer being treated by this physician. (AR at 19-20.) Given these facts, it was reasonable for the ALJ not to consider this as the report of a treating physician, and therefore not to give this opinion greater weight than others in the record. Therefore, no relief is warranted on this issue.

### B. The ALJ Properly Considered the Consultative Examining Physician's Report

Plaintiff contends that the ALJ failed to properly consider the findings of the consulting examining psychiatrist, Dr. Romualdo Rodriguez, who diagnosed Plaintiff with ADHD, and with reading and learning disorders. (Joint Stp. at 7.) Plaintiff argues that the ALJ

only selectively accepted those findings of Dr. Rodriguez that supported his conclusions, and improperly ignored or rejected findings that were favorable to Plaintiff. (Joint Stp. at 8.)

In a psychiatric evaluation dated January 18, 2007, Dr. Rodriguez reported that Plaintiff "admitted to nine out of nine criteria for ADHD inattentive type and may have also had a reading disability while in school and was always in special education." (AR at 247.) Further, Dr. Rodriguez found that Plaintiff was "moderately limited in his ability to maintain concentration and attention, persistence and pace." (AR at 248.) Dr. Rodriguez also found that Plaintiff was "not capable of independently managing funds in an appropriate manner at this time." (Id.)

The Court finds that the ALJ gave proper weight to the opinion of the examining consultative psychiatrist, Dr. Rodriguez. The ALJ fully discussed Dr. Rodriguez's report, finding that it was not inconsistent with the medical evidence and gave it "some significant weight." (AR at 21.) Contrary to Plaintiff's contention, the ALJ did not selectively disregard portions of Dr. Rodriguez's report which were favorable to Plaintiff. First, the ALJ noted that, although Plaintiff stated that he was unable to work because of paranoia and a problem with hearing voices, Dr. Rodriguez determined that "most of [Plaintiff's] problems were most likely drug induced and on medications he is perfectly calm and polite." (AR at 20, 247.) Further, the ALJ noted that Dr. Rodriguez found that, as long as Plaintiff continued taking his medications and remained clean and sober, he would "continue to be relatively stable." (AR at 20, 248.) Consistent with Dr. Rodriguez's findings, the ALJ found that, "absent polysubstance abuse, [Plaintiff] has no significant functional limitations due to any mental impairment." (AR at 21.)

The ALJ properly rejected Dr. Rodriguez's diagnoses of ADHD and a learning and reading disorder, finding that Dr. Rodriguez's opinion conflicted with the medical evidence, as well as with the opinion of the consultative examining psychologist, Dr. Harrell Reznick. (AR at 21.) Dr. Reznick examined Plaintiff and administered a number of psychological tests. (AR at 199-205.)  The ALJ noted that Dr. Reznick found that Plaintiff's receptive and expressive language abilities were at least adequate for the general population and that Plaintiff did not appear hyperactive or distractible. (AR at 21, 202.)  Dr. Reznick also noted that Plaintiff completed the questionnaire without assistance (AR at 21, 199).  It was also observed that Plaintiff had only completed the sixth grade. (AR at 21, 201.)  Based on these facts, the ALJ concluded that Plaintiff's "limited academic achievement is more plausible than a learning disorder and there is no indication in any record or by [Plaintiff] to indicate he has ever been diagnosed or treated for a learning disorder or attention deficit hyperactivity disorder by any other physician." (AR at 21.)  In addition, the ALJ noted that Dr. Reznick found evidence of sub-optimal effort by Plaintiff on the psychological tests he administered as well as evidence of malingering by Plaintiff. (AR at 21, 203.) *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (where an examining physician's opinion rests on independent clinical findings, the opinion may itself be substantial evidence).

The ALJ also stated that the State agency physicians completed a mental residual functional assessment form, which indicated that Plaintiff was not significantly limited in any areas of functioning. The State agency physicians also determined that Plaintiff was able to perform simple, detailed and complex work; was able to respond

7

appropriately to others and to usual work situations; and had adequate attention, concentration, persistence and pace for simple and detailed types of work activity. (AR at 21, 207-210, 211-224, 240-241.) *See* 20 C.F.R. § 416.927(f); SSR 96-6p ("Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and appeals Council levels of administrative review."); *see also Andrews*, 94 F.3d at 522 ("[T]he findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings.").

The ALJ accorded proper weight to the opinion of Dr. Rodriguez. The ALJ properly rejected Dr. Rodriguez's diagnoses of ADHD and a learning and reading disorder by noting that there was no other evidence in the record to support these diagnoses. The ALJ also properly relied on the opinions of the examining consultative psychologist, Dr. Reznick, and the State agency physicians, all of which conflicted with Dr. Rodriguez's diagnoses of ADHD and learning and reading disorders. Substantial evidence supports the ALJ's decision, and therefore no relief is warranted on this issue.

**C.   The ALJ Properly Developed the Record Regarding Plaintiff's Purported ADHD and Learning and Reading Disorders**

Plaintiff contends that the ALJ failed to fully develop the record regarding Dr. Rodriguez's conclusion that Plaintiff had ADHD and learning and reading disorders. (Joint Stp. at 12.) Plaintiff claims that, if the ALJ had any doubts as to the validity or accuracy of Dr. Rodriguez's diagnoses, he had a duty to further develop the record.

8

(Joint Stp. at 13.)

The ALJ has a duty to insure that the record is properly developed. However, it is the existence of ambiguous evidence, or medical records that are inconclusive or otherwise inadequate to receive controlling weight, which triggers an ALJ's duty to seek clarification or additional evidence from medical sources. *Mayes v. Massanari*, 276 F.3d at 459; *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150. The ALJ's special duty to fully and fairly develop the record and to assure that the claimant's interests are considered exists even when the claimant is represented by counsel. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

Here, the ALJ did not determine that Dr. Rodriguez's records were inadequate for him to make a finding as to Plaintiff's impairments, which would trigger his duty to develop the record. Instead, the ALJ rejected Dr. Rodriguez's opinion that Plaintiff had ADHD and learning and reading disabilities, and, as discussed above, gave specific and legitimate reasons supported by substantial evidence in the record for doing so. The ALJ's identification of the deficiencies in a physician's opinion does not render the opinion ambiguous or inadequate. *Thomas v. Barnhart*, 278 F.3d 946, 958 (9th Cir. 2002) ("[T]he requirement for additional information is triggered only when the evidence from the treating medical source is inadequate to make a determination as to the claimant's disability.").

As discussed in detail above, in making his determination that

Plaintiff did not have a severe mental impairment, the ALJ rejected Dr. Rodriguez's diagnosis of ADHD and learning and reading disorders, and relied instead on the opinion of the examining consulting psychologist, Dr. Reznick, and on the opinions of the State agency reviewing physicians. Accordingly, the ALJ's determination is supported by substantial evidence in the record, and the ALJ was not required to clarify Dr. Rodriguez's assessment that Plaintiff had ADHD and learning and reading disabilities. Substantial evidence supports the ALJ's decision that the records were adequate to make a disability determination. Therefore, relief is not warranted on this claim.

**D.     The ALJ Accorded Appropriate Weight to the Written Statements of Plaintiff's Father**

Plaintiff contends that the ALJ erred in rejecting the written statements of Plaintiff's father. (Joint Stip. at 15.) In a Function Report - Adult Third Party, dated March 9, 2006, Plaintiff's father, Pete Martinez, provided his opinion regarding Plaintiff's ability to perform certain activities of daily life. (AR at 72-76.) Plaintiff contends that the ALJ misrepresented Plaintiff's father's statement and then rejected it without providing legally sufficient reasons. (Joint Stip. at 16.)

A lay witness can provide testimony about Plaintiff's symptoms and limitations. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-919 (9th Cir. 1993). Appropriate reasons include testimony unsupported by the medical record or other

evidence and inconsistent testimony. *Lewis*, 236 F.3d at 512.

The Court finds that the ALJ did consider and give proper weight to the evidence from Plaintiff's father. (AR at 22). The ALJ specifically cited the multiple Function Reports supplied by Plaintiff's father, noting that the written statements by Plaintiff and Plaintiff's father both indicate that Plaintiff "was independent for all self-care activities, performs a variety of daily activities, interacts with others on a superficial basis, and engages in purposeful activity when motivated to do so." (AR at 22, 71-78, 79-86, 87-94, 129-136.)

The Court rejects Plaintiff's contention that the ALJ misstated or mischaracterized Plaintiff's father's written statements. As the ALJ accurately noted, both Plaintiff and his father reported that Plaintiff has no problem handling his own personal care, with the possible exception that Plaintiff must occasionally be reminded to change his clothing or take a shower. (AR at 72-73, 80, 88-89, 96-97, 122-123.) Also, as noted by the ALJ, Plaintiff's father reported that Plaintiff performs a variety of daily activities, including personal grooming, preparing simple meals, taking walks, making his bed, doing yard work, visiting family, and shopping for groceries and clothing. (AR at 71-78.) The ALJ also accurately characterized Plaintiff's ability to interact with his family and to engage in purposeful activity. The ALJ properly found that the written statements of Plaintiff and his father concerning Plaintiff's daily activities were inconsistent with Plaintiff's allegations of an incapacitating or debilitating condition. (AR at 22.)

The Court finds that the ALJ did in fact consider and discuss the written testimony of Plaintiff's father. There is no requirement that the ALJ address this evidence at great length. *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (holding that an ALJ is not required

to discuss all evidence in detail).  Therefore, relief is not warranted on this claim.

## IV. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED**.

DATED: June 8, 2009

_____
Marc L. Goldman
United States Magistrate Judge